UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ERICH LAMAS,

Plaintiff,

-against-

PENSKE MEDIA CORPORATION;

JAY PENSKE;

GEORGE GROBAR;

GERRY BYRNE;

CONNIE WONG;

STEVE WOZNIAK;

PAUL HAZEN;

SOPHIE STENBECK;

GEORGE HECKSHER;

PETER LIU;

SANDRA RABIN;

SANDY CLIMAN;

ALI MUNIR;

CRAIG PERREAULT;

SARLINA SEE;

TODD GREEN,; THE EXPRESS GROUP (THE INDIAN EXPRESS); FOX CORPORATION; NEXTSHARK MEDIA

Defendants.

Case No.: _____ CV _____

COMPLAINT FOR BUSINESS TORT, TORTIOUS INTERFERENCE WITH BUSINESS

RELATIONS, FINANCIAL TORT, AND DEFAMATION PER SE

JURY TRIAL DEMANDED

Plaintiff Erich Lamas, appearing pro se, brings this action against Defendants Penske Media Corporation, Jay Penske, George Grobar, Gerry Byrne, Connie Wong, Steve Wozniak, Paul Hazen, Sophie Stenbeck, George Hecksher, Peter Liu, Sandra Rabin, Sandy Climan, Ali Munir, Craig Perreault, Sarlina See, and Todd Green (collectively, "Defendants"), and alleges as follows:; THE EXPRESS GROUP (THE INDIAN EXPRESS); FOX CORPORATION; NEXTSHARK MEDIA

I. PARTIES

1. Plaintiff Erich Lamas is an individual residing at 15 E 30th St, New York, NY 10016, USA.

2. Defendant Penske Media Corporation ("PMC") is a digital media and information services company headquartered at 11175 Santa Monica Blvd., Los Angeles, CA 90025, USA, operating numerous online publications and media brands with national and international reach, including but not limited to Variety, Rolling Stone, The Hollywood Reporter, WWD, and Billboard.

3. Defendant Jay Penske is the Chairman, Chief Executive Officer, and founder of Penske Media Corporation, with a business address at 11175 Santa Monica Blvd., Los Angeles, CA 90025.

4. Defendant George Grobar is an executive of Penske Media Corporation, with a business address at 11175 Santa Monica Blvd., Los Angeles, CA 90025.

5. Defendant Gerry Byrne is an individual employed by or associated with Penske Media Corporation, whose address is to be obtained through discovery.

6. Defendant Connie Wong is an individual employed by or associated with Penske Media Corporation, whose address is to be obtained through discovery.

7. Defendant Steve Wozniak is an individual associated with Penske Media Corporation or its entities, whose address is to be obtained through discovery.

8. Defendant Paul Hazen is an individual associated with Penske Media Corporation or its entities, whose address is to be obtained through discovery.

9. Defendant Sophie Stenbeck is an individual associated with Penske Media Corporation or its entities, whose address is to be obtained through discovery.

10. Defendant George Hecksher is an individual associated with Penske Media Corporation or its entities, whose address is to be obtained through discovery.

11. Defendant Peter Liu is an individual employed by or associated with Penske Media Corporation, whose address is to be obtained through discovery.

12. Defendant Sandra Rabin is an individual employed by or associated with Penske Media Corporation, whose address is to be obtained through discovery.

13. Defendant Sandy Climan is an individual associated with Penske Media Corporation or its entities, whose address is to be obtained through discovery.

14. Defendant Ali Munir is an individual employed by or associated with Penske Media Corporation, whose address is to be obtained through discovery.

15. Defendant Craig Perreault is an individual employed by or associated with Penske Media Corporation, whose address is to be obtained through discovery.

16. Defendant Sarlina See is an individual employed by or associated with Penske Media Corporation, whose address is to be obtained through discovery.

17. Defendant Todd Green is an individual employed by or associated with Penske Media Corporation, whose address is to be obtained through discovery.; THE EXPRESS GROUP (THE INDIAN EXPRESS); FOX CORPORATION; NEXTSHARK MEDIA

II. JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff is a citizen of New York and Defendants are citizens of California and other states. The amount in controversy exceeds $75,000, exclusive of interest and costs.

19. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 to the extent any claims arise under federal law.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants directed their tortious conduct at Plaintiff in this District, Plaintiff resides in this District, and Defendants' publications were accessible and caused harm in this District.

III. FACTUAL ALLEGATIONS

21. Plaintiff Erich Lamas is engaged in legitimate business activities and has established business relationships, contracts, and economic interests in his field.

22. Defendants Penske Media Corporation and the individual defendants named herein, acting individually and in concert, engaged in a pattern of wrongful, malicious, and tortious conduct directed at Plaintiff through Penske Media Corporation's media platforms and publications.

23. Defendants published, facilitated, or caused to be published false and defamatory statements of fact concerning Plaintiff on Penske Media Corporation's media platforms, which are widely accessible to the public and distributed nationally and internationally.

24. These false and defamatory statements were made without privilege, with actual malice or reckless disregard for their truth or falsity, and were specifically designed to harm Plaintiff's business reputation, client relationships, and financial standing.

25. The false statements published or facilitated by Defendants constitute defamation per se under New York law, as they directly and falsely impugned Plaintiff's honesty, integrity, and fitness to conduct his business and profession.

26. Defendants had knowledge of Plaintiff's existing and prospective business relationships and economic interests, and intentionally and maliciously interfered with those relationships through their wrongful publication and tortious conduct.

27. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered the loss of existing clients and contracts, loss of prospective business opportunities, severe reputational harm, and significant financial damages.

28. Defendants' acts were not justified by any legitimate journalistic privilege or lawful purpose, but were instead motivated by malice and an intent to injure Plaintiff.

IV. CAUSES OF ACTION

COUNT I — BUSINESS TORT (Against All Defendants)

29. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

30. Defendants engaged in wrongful, malicious, and tortious business conduct directed at Plaintiff through Penske Media Corporation's media platforms, causing Plaintiff economic and reputational harm.

31. Defendants' conduct was willful, intentional, and constitutes a business tort under the laws of the State of New York.

32. As a result, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $25,000,000.

COUNT II — TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (Against All Defendants)

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

34. Plaintiff had existing and prospective business relationships, contracts, and economic advantages with clients and business partners.

35. Defendants had knowledge of these business relationships and economic interests.

36. Defendants intentionally and maliciously interfered with these relationships through wrongful means, including publishing or facilitating false and defamatory statements on Penske Media Corporation's widely-distributed media platforms.

37. As a direct and proximate result of Defendants' interference, Plaintiff lost existing clients and contracts and was denied prospective business opportunities, causing substantial financial harm.

38. Plaintiff has suffered damages in an amount to be proven at trial, but not less than $25,000,000.

COUNT III — FINANCIAL TORT (Against All Defendants)

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

40. Defendants' wrongful conduct was specifically designed to cause, and did cause, direct financial harm to Plaintiff, including loss of income, loss of business contracts, and loss of economic opportunity.

41. Defendants' actions constitute a financial tort and unlawful interference with Plaintiff's economic interests.

42. As a direct and proximate result, Plaintiff suffered financial damages in an amount to be proven at trial, but not less than $25,000,000.

COUNT IV — DEFAMATION PER SE (Against All Defendants)

43. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

44. Defendants published or caused to be published false statements of fact about Plaintiff to third parties through Penske Media Corporation's media platforms, which are accessible to and read by a large public audience nationally and internationally.

45. These statements were false, defamatory, and published without privilege.

46. The statements constitute defamation per se under New York law as they directly attacked Plaintiff's professional reputation and fitness to conduct business, and are of a nature for which damages are presumed.

47. Defendants acted with actual malice or reckless disregard for the truth or falsity of their statements.

48. As a direct and proximate result of Defendants' defamatory statements, Plaintiff suffered reputational harm, loss of clients and business, and financial damages in an amount to be proven at trial, but not less than $25,000,000.

COUNT V — FALSE LIGHT INVASION OF PRIVACY (Against All Defendants)

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

50. Defendants published, caused to be published, or facilitated the publication of statements and/or portrayals concerning Plaintiff that placed Plaintiff in a false light before the public through Penske Media Corporation's media platforms and publications.

51. The false light in which Defendants placed Plaintiff would be highly offensive to a reasonable person, as the statements and portrayals were materially false, misleading, and damaging to Plaintiff's personal and professional reputation.

52. Defendants had knowledge of, or acted with reckless disregard as to, the falsity of the publicized statements and the false light in which Plaintiff would be placed.

53. The false light publications were made to a large audience through Penske Media Corporation's nationally and internationally distributed platforms, causing Plaintiff widespread reputational and professional harm.

54. As a direct and proximate result of Defendants' false light invasion of Plaintiff's privacy, Plaintiff suffered reputational harm, emotional distress, loss of clients and business, and financial damages in an amount to be proven at trial, but not less than $25,000,000.

COUNT VI — INVASION OF PRIVACY (Against All Defendants)

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

56. Plaintiff has a legally protected privacy interest in his personal information, private affairs, and professional reputation.

57. Defendants intentionally intruded upon and publicly disclosed private facts concerning Plaintiff through Penske Media Corporation's media platforms and publications, without Plaintiff's consent.

58. The disclosure of private facts by Defendants would be highly offensive to a reasonable person and was not of legitimate public concern.

59. Defendants' intrusion upon Plaintiff's privacy and public disclosure of private facts was intentional, willful, and undertaken with reckless disregard for Plaintiff's privacy rights.

60. As a direct and proximate result of Defendants' invasion of Plaintiff's privacy, Plaintiff suffered reputational harm, emotional distress, loss of clients and business, and financial damages in an amount to be proven at trial, but not less than $25,000,000.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Erich Lamas respectfully requests that this Court enter judgment in his favor and against all Defendants, and award the following relief:

1. Compensatory damages in the amount of $25,000,000 or as proven at trial;

2. Punitive damages for Defendants' willful, malicious, and intentional conduct;

3. Injunctive relief requiring Defendants to remove all false and defamatory content about Plaintiff from Penske Media Corporation's platforms and publications and to refrain from publishing further defamatory statements;

4. Attorneys' fees and costs of suit to the extent permitted by law;

5. Pre- and post-judgment interest as permitted by law; and

6. Such other and further relief as this Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

_____

ERICH LAMAS

Plaintiff, Pro Se

15 E 30th St, New York, NY 10016, USA

Tel: (202) 345-7839

Email: lamascanada@gmail.com

Date: June 16, 2026